Argued December 1, affirmed December 22, 1965

## STATE OF OREGON *v.* GRIFFIN
409 P. 2d 326

*Phil H. Ringle, Jr.,* Oregon City, argued the cause for appellant. On the brief were Sheldahl & Misko, Oregon City.

*James Redman,* Oregon City, argued the cause for respondent. On the brief were Roger Rook, District Attorney, and James R. Carskadon, Jr., Deputy District Attorney, Oregon City.

Before McAllister, Chief Justice, and Perry,* Sloan, Goodwin, Denecke and Schwab, Justices.

---

* Perry, J., did not participate in this decision.

SCHWAB, J. (Pro Tempore).

■ Defendant appeals from a judgment of conviction under ORS 167.210. His sole assignment of error is "the court erred in overruling defendant's objection to the reading to the jury by witness Charles Hamilton the entire statement made by the defendant before the grand jury," for the reason that "to permit the state to introduce as a part of its case in chief, the transcript of the entire statement of a defendant voluntarily made to the grand jury which indicted him, had the effect of compelling the defendant to testify on his own behalf and as a witness for the state, and of compelling the defendant to take the stand to testify in his own defense, all in violation of the provisions of the Constitution of Oregon * * * Art. I, § 12." The pertinent portion of Art. I, § 12, Constitution of Oregon, provides:

"No person shall be * * * compelled in any criminal prosecution to testify against himself."

The defendant admits that his testimony before the grand jury was voluntary, and he does not question the propriety of the circumstances under which he so testified or the accuracy of the reporter's transcript. He cites no authority for his position and we find none.

■ The prevailing doctrine is that the privilege of a person not to testify against himself may be waived, and once waived the privilege as to the testimony given is gone both in the initial and subsequent proceedings. See cases collected in Annotation, 5 ALR2d 1404, 1436. Oregon follows this rule. *State v. Rathie et al,* 101 Or 339, 350-54, 199 P 169. This means only that the testimony voluntarily given before the grand jury may be used in later proceedings, not that the witness may be compelled to testify again.

Part of the defendant's testimony before the grand jury appears to have been irrelevant, and that part might well have been subject to an objection on that ground—but no such objection was made. The general rule is "a question not raised and preserved in the trial court will not be considered on appeal." *State v. Braley,* 224 Or 1, 9, 355 P2d 467. The rule has been relaxed where the error is manifest and the ends of justice would not otherwise be satisfied. *State v. Avent,* 209 Or 181, 302 P2d 549. Neither requirement set forth in the *Avent* case is present in the case at bar.

Affirmed.